190 So. 421

## RICHARDS v. STATE.

### 8 Div. 890.

Court of Appeals of Alabama.
June 30, 1939.

No attorney marked for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The prosecution was begun by affidavit, which charged that the defendant, Dee Richards, "did drive a motor vehicle upon a public highway while he was intoxicated, contrary to law," etc. A warrant was issued returnable before the Law and Equity Court of Franklin County, where, upon the trial, the defendant interposed a plea of guilty; whereupon, judgment was returned upon this plea.

The record appears in all things regular, so far as the conviction and judgment is concerned. Therefore, the judg-

ment of conviction will stand affirmed. Cox v. State, 28 Ala.App. 513, 189 So. 85.

Upon the defendant taking an appeal, as he had a right to do, the court taxed as a part of the cost a trial tax of Five ($5) Dollars and a Solicitor's fee of Ten ($10) Dollars. The defendant moved the trial court to retax this cost, and from a judgment overruling this motion the defendant also appeals.

At the present Session of the Legislature of Alabama, there was passed and approved on March 16th, 1939, the following:

"An Act to regulate the fees charged in misdemeanor cases cognizable in justice of the peace courts which are tried in county courts, inferior courts, law and equity courts or courts of like jurisdiction where the defendant pleads guilty and no appeal is taken including misdemeanor cases for violations of the State Highway Code, the State Highway Patrol Act and the rules of the road; to prohibit the taxation and collections of a solicitor's fee in such cases; and to repeal all laws and parts of laws, general, special and local, in conflict herewith.

"Be it enacted by the Legislature of Alabama:

"Section 1. That in all misdemeanor cases for violation of the State Highway Code, the State Highway Patrol Act and the rules of the road cognizable in Justice of the Peace courts, courts created in lieu of Justice of the Peace courts, County Courts, Inferior Courts, Law and Equity Courts, or courts of like jurisdiction, where the defendant pleads guilty and no appeal is taken, no fee shall be taxed or collected in said courts for trial, solicitor's fees, or entering judgment in such cases.

\* \* \*

"Section 3. That all laws and parts of laws, general, special and local, in conflict with the provision of this Act be and the same are hereby expressly repealed.

"Section 4. That this Act shall become effective upon its passage and approval by the Governor or its otherwise becoming a law.

"Approved March 16, 1939."

■ The Act is plain and unequivocal. It gives a defendant, who pleads guilty, the benefit of an exemption from certain costs, otherwise to be taxed, but it is perfectly plain that when a defendant takes an appeal after a plea of guilty, the exemption named in the Act does not apply. Such is the case here.

■ It is true that the title to the Act, hereinabove set out, embraces fees charged in misdemeanor cases cognizable in certain courts of like jurisdiction, and that the enacting clause of the Act omits many misdemeanors included in the title of the Act. This does not effect the constitutionality of the enactment set out in Section 1 of the Act. The title is broad enough to cover the legislation, and we see no reason why the enactment is not a valid exercise of the legislative will.

■ The motion of the appellant to retax the cost of a trial fee and the Solicitor's fee was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.